COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-08-293-CR

 

 

DONALD LEON CALTON II                                                    APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 396TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Donald Leon Calton II entered an open
plea of guilty to aggravated assault on a public servant.  The trial court assessed his punishment at
two years= confinement.








Calton=s
court-appointed appellate counsel has filed a motion to withdraw as counsel and
a brief in support of that motion. 
Counsel=s brief and motion meet the
requirements of Anders v. California[2]
by presenting a professional evaluation of the record demonstrating why the
appeal is frivolous.  See McCoy v.
Court of Appeals of Wis., Dist. 1, 486 U.S. 429, 444, 108 S. Ct. 1895, 1905
(1988) (stating that appeal is frivolous if Athe
client=s
interests would not be served by proceeding with the appeal@); High
v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978)
(discussing that a Afrivolous appeal@ brief
must Adiscuss either
why the trial court=s ruling was correct or why the
appellant was not harmed by the ruling of the court@).  The State has not filed any response to
counsel=s Anders
brief.  Likewise, Calton was given the
opportunity to file a pro se brief, but he did not do so.








As the reviewing court, we must conduct an
independent evaluation of the record to determine whether counsel is correct in
determining that the appeal is frivolous. 
See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App.
1991); Mays v. State, 904 S.W.2d 920, 923 (Tex. App.CFort
Worth 1995, no pet.).  Only then may we
grant counsel=s motion to withdraw.  See Penson v. Ohio, 488 U.S. 75, 82B83, 109
S. Ct. 346, 351 (1988).  Because Calton
entered an open plea of guilty, our independent review for potential error is
limited to potential jurisdictional defects, the voluntariness of Calton=s plea,
error that is not independent of and supports the judgment of guilt, and error
occurring after entry of the guilty plea. 
See Monreal v. State, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); Young
v. State, 8 S.W.3d 656, 666B67 (Tex.
Crim. App. 2000).

We have carefully reviewed the record and counsel=s
brief.  We agree with counsel that this
appeal is wholly frivolous, that Calton=s
interests would not be served by proceeding with the appeal, and that Calton
was not harmed by the court=s
rulings.  See McCoy, 486 U.S. at
444, 108 S. Ct. at 1905; Bledsoe v. State, 178 S.W.3d 824, 827B28 (Tex.
Crim. App. 2005); High, 573 S.W.2d at 813.  We therefore grant counsel=s motion
to withdraw and affirm the trial court=s
judgment.

 

SUE
WALKER

JUSTICE

 

PANEL: LIVINGSTON, DAUPHINOT,
and WALKER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  March 19, 2009











[1]See Tex. R. App. P. 47.4.





[2]386 U.S. 738, 87 S. Ct.
1396 (1967).